# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **SYSTEMS DEVELOPMENT CORPORATION,** | ) | |
| | ) | **No. 06-232C** |
| **Plaintiff,** | ) | **(Judge Baskir)** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims, the parties, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. **Does the Court have jurisdiction over the action?**

The Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. 1491(a)(1), and the Contract Disputes Act. Defendant asserts that the Court lacks jurisdiction to entertain plaintiff's claim for defective specifications because the claim was brought after the expiration of the applicable statute of limitations.

The plaintiff asserts such Motion is without merit because there was no Contracting Officer Final Decision from which to appeal.

b. **Should the case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should the trial of liability and damages be bifurcated?**

The parties believe that the trial should not be bifurcated into liability and damages.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Will a remand or suspension be sought?**

The parties do not believe that remand or suspension will be sought.

f. **Will additional parties be joined?**

The parties do not anticipate that additional parties will be joined.

g. **Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

Both parties expect to file motions for summary judgment pursuant to RCFC 56.

Defendant will move for summary judgment on the grounds that plaintiff's claim for defective specifications is barred by the applicable statute of limitations, and that the Government has paid plaintiff all amounts due under the contract and all costs authorized under the applicable regulations governing contracts terminated for convenience.

h. **What are the relevant issues?**

This case involves a contract for circuit card assemblies for the HAWK program located at the U.S. Army Aviation and Missile Command, Logistics Support Directorate, Air Defense Division, located in Redstone Arsenal, Alabama. The Army terminated the contract with the Plaintiff for convenience.

<u>Issues</u>:

(1) Did the plaintiff bring this suit timely after receiving the Procurement Contracting Officer's decision denying the certified claim for defective specifications?

(2) Has the Government already paid all amounts due under the contract?

(3) Were the specifications defective?

(4) What additional costs was plaintiff entitled to as a result of the contract being converted to a cost contract from a fixed price contract by virtue of being terminated for convenience?

(5) Has plaintiff alleged any element of costs authorized under the applicable regulations for which the Government has not already provided compensation?

(6) Because the contract was terminated for convenience, has the plaintiff already been reimbursed for all authorized costs?

(7) Did the Government breach its covenant of good faith and fair dealing?

(8) Did the Government act in bad faith by providing the plaintiff with a Technical Data Package that contained defects and deficiencies?

(9) Did the Government act in bad faith by not correcting the defects and deficiencies in the Technical Data Package which it provided to the plaintiff?

(10) Did the Government fail to pay all appropriate termination for convenience costs?

i. **What is the likelihood of settlement?**

The parties have not engaged in settlement discussions at this point, and cannot comment on the likelihood of a settlement.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

The Government anticipates that this case will be decided by dispositive motion. The parties do not request expedited trial scheduling. Plaintiff requests that the trial be held in Huntsville, Alabama.

**k. Are there special issues regarding case management needs?**

The parties are currently unaware of any special issues regarding case management needs.

**l. Is there any other information of which the Court should be aware of at this time?**

The parties are unaware of any other information of which the Court should be aware of at this time.

j. **Discovery plan**

(1) Discovery will be needed on the following subjects: allegations in the Complaint and defenses available to defendants.

(2) All discovery commenced in time to be completed by February 14, 2007.

(3) There will be a maximum of 25 interrogatories from each party to any other party. Responses due 30 days after service.

(4) There will be a maximum of 25 requests for production of documents from each party to another party. Responses due 30 days after service.

(5) There will be a maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

(6) Plaintiff intends to seek leave of court to request a maximum of 20 depositions by plaintiff and 20 depositions by defendant. Each deposition is limited to a maximum of 8 hours.

(7) Reports from retained experts under Rule 26(a)(2) due:
   i. from plaintiff by November 15, 2006.
   ii. from defendant by December 20, 2006.

(8) The parties are under a continuing obligation under Rule 26(e) to update all discovery responses timely and in good faith. Discovery requests shall be supplemented and fully amended no later than 30 days before the end of discovery.

n. Other Items

(1) The parties do not request a conference with the Court before entry of the scheduling order.

(2) The parties request a pretrial conference on or around May 1, 2007.

(3) All potentially dispositive motions should be filed on or before March 28, 2007.

(4) Final lists of witnesses and exhibits under Rule 26(a)(3) should be due, if necessary, no later than 30 days after resolution of all dispositive motions.

(5) Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(6) Time of trial shall be evaluated at the pre-trial conference.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Howell Roger Riggs, Jr.
HOWELL ROGER RIGGS, JR.
Dick, Riggs, Miller & Stem
200 Clinton Avenue, Suite 1050
AmSouth Center
Huntsville, Alabama 35801
Phone (256) 564-7317
Fax (256) 564-7319

Attorney for Plaintiff

s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Lit. Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0341
Fax: (202) 514-8624

Attorneys for Defendant