IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SYSTEMS DEVELOPMENT CORPORATION, | ) | |
| | ) | No. 06-232C |
| Plaintiff, | ) | (Judge Baskir) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

JURISDICTION

The allegation contained in the first sentence of the section labeled Jurisdiction ("opening section") is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Defendant, the United States, admits the allegations in the second, third, and fourth sentences of the opening section. Defendant admits the allegations in the fifth sentence of the opening section to the extent they are supported by the termination settlement proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of the opening section. Defendant admits the allegation in the sixth sentence of the opening section to the extent it is

supported by the contracting officer’s decision which is the best evidence of its contents; otherwise denies the allegations contained in the sixth sentence of the opening section.

II.

1. Defendant admits the allegations in the first and second sentences of paragraph 1 of the amended complaint to the extent they are supported by the contract referred to which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 1. Defendant denies the remainder of the allegations in paragraph 1 of the amended complaint and specifically avers that the TDP did not contain deficiencies.

m 2. Defendant admits the allegations in the first sentence of paragraph 2 of the amended complaint to the extent they are supported by the contract referred to which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. Defendant admits that it did not terminate the contract; otherwise denies the allegations in the second sentence of paragraph 2. Defendant admits the allegations in the third sentence of paragraph 2 to the extent they are supported by the contract referred to which is the best evidence of its

contents; otherwise denies the allegations contained in the third sentence of paragraph 2. The final sentence of paragraph 2 constitutes plaintiff's characterization of this case to which no response is required; to the extent it may be deemed an allegation of fact it is denied.

3. The allegation contained in paragraph 3 of the amended complaint constitutes plaintiff's conclusion of law and characterization of this case to which no response is necessary; to the extent it may be deemed an issue of fact it is denied.

4. The allegations contained in the first, second, and third sentences of paragraph 4 constitute plaintiff's conclusions of law to which no response is necessary; to the extent they may be deemed an issue of fact they are denied. Defendant denies the allegations in the fourth sentence of paragraph 4.

5a-5d. The allegations contained in paragraphs 5a through 5d constitute plaintiff's conclusion of law and plaintiff's characterization of its case; to the extent they may be deemed an allegation of fact they are denied.

5.e. Defendant admits the allegations in the first sentence of paragraph 5e to the extent they are supported by the specifications and

drawings referred to; otherwise they are denied. The allegation in the second sentence of paragraph 5e constitutes plaintiff's conclusion of law to which no response is necessary; to the extent it is deemed an allegation of fact it is denied.

6. Defendant denies the allegations in paragraph 6 of the amended complaint. Defendant specifically avers that it provided all information necessary for a competent contractor to complete performance under this supply contract.

7. Defendant denies the allegations in paragraph 7 of the amended complaint. Defendant specifically avers that it provided all information necessary for a competent contractor to complete performance under this supply contract.

8. Defendant denies the allegations in paragraph 8 of the amended complaint. Defendant specifically avers that it provided all information necessary for a competent contractor to complete performance under this supply contract.

9. Defendant denies the allegations in paragraph 9 of the amended complaint. Defendant specifically avers that it provided all information necessary for a competent contractor to complete performance

under this supply contract.

10. Defendant admits the allegations contained in paragraph 10 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 10.

11. Defendant admits the allegations contained in paragraph 11 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 11.

12. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the amended complaint.

13. Defendant admits the allegations contained in paragraph 13 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 13.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of this case; to the extent they may be deemed allegations of fact they are denied.

15. Defendant admits the allegations contained in paragraph 15 of the amended complaint but, specifically denies that the technical data package was defective.

16. Defendant admits the allegations contained in paragraph 16 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 16 of the amended complaint.

17. Defendant admits that SDC continued to request clarification of the technical data package requirements; otherwise denies the allegations in the first sentence of paragraph 17 of the amended complaint. Defendant admits that plaintiff communicated with the new contracting officer, otherwise denies the allegations in the second sentence of paragraph 17 of the amended complaint. Defendant denies the allegation in the third sentence of paragraph 17 of the amended complaint.

18. Defendant admits the allegations contained in the first, second and third sentences of paragraph 18 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 18. Defendant specifically denies that it failed to provide any required data. Defendant admits that it denied the request for progress payments; otherwise denies the allegations in the fourth sentence of paragraph 18 of the amended complaint.

19. Defendant admits the allegations contained in paragraph 19 of the amended complaint but specifically denies that the technical data package was defective.

20. Defendant admits the allegations contained in paragraph 20 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 20.

21. Defendant admits the allegations contained in paragraph 21 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 21.

22. Defendant admits the allegations contained in paragraph 22 to the extent they are supported by the letter referred to which is the best evidence of its contents; otherwise denies the allegations in paragraph 22.

23. Defendant admits the allegation contained in paragraph 23, but specifically denies that the technical data package was defective.

24. Defendant denies the allegations contained in the first sentence of paragraph 24. Defendant admits the allegation in the second sentence of paragraph 24. Defendant admits the allegations in the third sentence of paragraph 24 of the amended complaint to the extent they are supported by the termination settlement proposal referred to which is the best

evidence of its contents; otherwise denies the allegations in the third sentence of paragraph 24. Defendant specifically denies that there were defects in the technical data package.

COUNT I

25. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1-24 of the amended complaint.

26. Defendant denies that plaintiff is entitled to the relief requested in paragraph 26 or any relief whatsoever.

COUNT II

27. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1-26 of the amended complaint.

28. Defendant admits the allegations in paragraph 28 of the amended complaint to the extent they are supported by the contracting officer's decision referred to which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Defendant admits the allegations in the first and second sentences of paragraph 29 to the extent they are supported by the contracting officer's final decision referred to which is the best evidence of its contents; otherwise denies the allegations in the first and second

sentence of paragraph 29. The third and fourth sentences of paragraph 29 constitute plaintiff's characterization of its case and its legal conclusions to which no response is required; to extent they may be deemed statements of fact they are denied.

30. Defendant realleges and incorporates by reference its responses to Paragraphs 1-30 of the amended complaint.

31. Defendant denies that plaintiff is entitled to the relief requested in paragraph 31 or any relief whatsoever.

COUNT III

32. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1-31 of the amended complaint.

33. The allegations contained in paragraph 33 constitute plaintiff's conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Defendant denies that plaintiff is entitled to the relief requested

in paragraph 35 or any relief whatsoever.

COUNT IV

36. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1-36 of the amended complaint.

37. Defendant denies that plaintiff is entitled to the relief requested in paragraph 37 or any relief whatsoever.

COUNT V

38. Defendant re-alleges and incorporates herein by reference its responses to Paragraphs 1-37 of the amended complaint.

39. The allegations contained in paragraph 39 constitute plaintiff's conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. Defendant admits the allegations in paragraph 40 of the amended complaint to the extent they are supported by the document referred to which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Defendant denies the allegations in paragraph 41 of the amended complaint.

42. Defendant admits the allegations in paragraph 42 of the

amended complaint to the extent they are supported by the document referred to which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Defendant admits the allegations in paragraph 43 of the amended complaint to the extent they are supported by the document referred to which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Defendant denies the allegations in paragraph 44 of the amended complaint.

45. Defendant admits the allegation in paragraph 45 of the amended complaint, but denies that any redesign of the HAWK Missile System was required, necessary, or prudent by the terms of this supply contract.

46. The allegations contained in paragraph 46 constitute plaintiff's conclusions of law and characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute plaintiff's conclusions of law and characterization of its case to which no response is

required; to the extent they may be deemed allegations of fact, they are denied.

48. Denies that plaintiff is entitled to the relief requested in paragraph 48 or to any relief whatsoever.

49. Defendant denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court dismiss the amended complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

AFFIRMATIVE DEFENSES

50. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

51. Plaintiff's claims are barred by the doctrine of accord and satisfaction insofar as the verifiable expenses submitted for payment have been paid in full.

52. Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

53. Plaintiff's equitable adjustment claims are barred because

plaintiff failed to present them in a certified claim to the Procuring Contracting Officer.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

DONALD E. KINNER
Assistant Director

OF COUNSEL:
STEPHEN F. PEREIRA
Defense Contract
Management Agency

s/ Joan M. Stentiford
JOAN M. STENTIFORD

Trial Attorney
Commercial
Litigation Branch
Civil Division
Department of Justice
Phone: (202) 616-0341
Fax: (202) 514-8624

July 12, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 12th day of July, 2007,"DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joan M. Stentiford_____
JOAN M. STENTIFORD