# TAB 37

DCMAE-GATC **CERTIFIED MAIL** March 25, 2005

SUBJECT: Final Decision on Terminated Contracts DAAH01-00-C-0077, Systems Development Corporation, Huntsville, AL, Docket A049531EA

Systems Development Corporation
ATTN: Ms. Virginia P. Gilchrist, President
225 Spragins Street, Suite G
Huntsville, AL 35801

Dear Ms. Gilchrist:

This constitutes the final decision of the Contracting Officer relative to your proposal dated April 23, 2004 in the gross amount of $789,058.00 for Contract DAAH01-00-C-0077. It is my final decision that Systems Development Corporation (SDC) is entitled to $403,563.00. SDC has previously been paid $37,268.00 so the net payment will be $366,295.00.

SDC's contract for circuit card assemblies for the HAWK program, DAAH01-00-C-0077, was terminated for convenience on February 17, 2004. The obligated amount of this contract was $430,000. SDC's final settlement proposal, in the net amount of $789,058.00, was dated April 23, 2004. A partial payment request was approved in the amount of $37,268 on August 24, 2004.

You have not provided adequate support for costs claimed, other than those of the subcontractor, Teledyne Brown Engineers (TBE), and indirect costs allocable thereto. The details follow:

| Cost Elements | Proposed (08/04/04) | TCO Position |
|---|---|---|
| Purchased Parts On Hand | $321,497 | $357 |
| Other Costs | 19,303 | 0 |
| G&A Expenses | 297,500 | 55,338 |
| Subtotal: | $ 638,300 | $ 55,695 |
| Profit | 63,830 | 0 |
| Settlement Expenses | 14,316 | 0 |
| Total | $ 716,446 | $ 55,695 |
| Settlements With Subcontractors | 72,612 | 391,913 |
| Acceptable Finished Product | 0 | 0 |
| Gross Settlement | $ 789,058 | $ 447,608 |
| Disposal and Other Credits | 0 | 0 |
| Net Proposed Settlement | $ 789,058 | $ 447,608 |
| Adjustment for Loss Ratio | | (44,045) |
| Subtotals | 0 | $ 403,563 |
| Prior Payments | 0 | (37,268) |
| Net Payment Requested | $ 789,058 | $ 366,295 |

**Purchased Parts**

Only $357 of purchased parts were delivered by TBE to SDC. The balance of the $321,497 is actually costs attributable to your settlement with your subcontractor, and is discussed in the segment on Settlement with Subcontractors, below.

**Other Costs**

You proposed the labor costs of a buyer (500 hours - $15,281.00), a procurement clerk (147 hours - $2,364.00) and a data entry clerk (200 hours - $1,656.00) as Other Cost. No support was provided for these costs. You assert that the amounts proposed are based on judgmental estimates. During the four years this program was in progress prior to termination, SDC did not establish a job cost number for this project, nor has it charged any direct cost for this program to a specific job/project within its cost accounting records. These functions are normally recorded as G&A expense in the contractor's books and records. The costs represent normal procurement related G&A activities incurred on the contract which should be recouped from the normal application of the G&A rate.

Where the allocation base is insufficient to allow recovery of a cost, the cost may be allocated directly to the terminated contract. However, in this case, you have provided no explanation that shows recovery through G&A is inappropriate for this one purchase order. Through the normal application of the final G&A expense rate this final decision allows $55,338 in G&A expenses for recovery of the claimed effort. Further, without timecards or contemporaneous support, any direct charges become mere speculation.

**G&A Expenses**

A similar problem exists with the proposed G&A expenses. You proposed the labor cost of an Executive (2,000 hours) and a Contract Administrator (2,000 hours) as G&A expense. During the four years this program was in progress prior to termination, SDC did not establish a job cost number for this project, nor did it charge any direct cost for this program to a specific job/project within its cost accounting records. The proposed costs represent normal indirect G&A activities incurred on the contract which should be recouped from the normal application of the G&A rate. Also, the claimed labor hours are based on the contractor's unsupported judgmental estimates. This final decision applies the negotiated final FY02 G&A rate of 14.12 percent to subcontract settlement amount of $391,913. This allows for the normal recovery of costs associated with this contract.

**Profit**

The contractor applied a 10 percent profit rate to its total contract cost to compute its proposed profit of $63,830 ($638,300 x 10 percent). Where a contractor would have sustained a loss on a terminated contract if it had been completed, the FAR requires that the terminated settlement amount be adjusted to reflect that fact (FAR 49.303). The rationale for this requirement is that a contractor should not be better off as a result of a termination for convenience than it would have been if the contract had been fully performed. You were in a loss position in the performance of contract DAAH01-00-C-0077. The appropriate adjustment in this instance is calculated as follows:

The contract was for $430,000. SDC issued a subcontract to Teledyne Brown in the amount of $403,297.58. When G&A at 14.12 percent is added to the subcontract costs, the contractor's performance costs rise to $460,243. Full contract performance requires SDC setup and labor costs to maintain the inventory and provide it per the schedule. The out years are only for labor and burdens since the material is included in the base year. For a quantity of 21, (one year after having produced 24 units and therefore that much more efficient) the cost is $1,221.00 per unit. Thus for this contract, SDC labor would have cost more than $29,304.00 (24*$1,221.00). Adding this to the material cost means the contract would have been sustained an even larger loss than the loss based just on subcontractor costs and burden.

| | | | | | |
|---|---|---|---|---|---|
| Net Settlement Amount = | Settlement Expenses | + Price for Acceptable Units | + Remainder of Negotiated Settlement After Subtracting Settlement Expenses and the Contract Price of Acceptable Units | * | Contract Price / Incurred Costs before T4C + Estimated Cost to Complete |
| | = 0 | + 0 | + 447,608 | * | $430,000 / ($447,608.00 + 29,304.00) = $476,912.00 |
| | = | | +447,608 | * | .9016 |
| | = 403,563 | | | | |
| | 447,608 | TCO determined settlement amount prior to loss calculation | | | |
| | $44,045 | Loss applied | | | |

## Settlement Expenses

The contractor made a judgmental estimate of the hours required for settlement of the termination, including negotiations. SDC multiplied the labor rates of the Executive (105 hours) and Contracts Administrator (125 hours) to arrive at estimated labor cost and burdened it to arrive at the estimated settlement expense. The final decision allows no direct charges for these G&A type employees whose full salaries remain charged to the G&A expense pool. Through the normal application of the final G&A expense rate this final decision allows $55,338 in G&A expenses for recovery of G&A effort.

## Settlements With Subcontractors

TBE proposed $394,109 of which $391,913 has been determined to be allowable. The proposed amount has been reduced for $1,750 of other costs which represents an adjustment to the inventory valuation, the adjustment of G&A to the final rates($302), and profit on these amounts ($144).

In summary, it is my final decision that Systems Development Corporation (SDC) is entitled to $403,563.00 for contract DAAH01-00-C-0077.

This decision may be appealed to the cognizant Board of Contract Appeals, which for this contract is the Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, Seventh Floor, Falls Church, Virginia 22041. If you decide to appeal, you must, within 90 days from the date you receive this decision mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract number. You should also include a certification of the claim in accordance with the Disputes clause of your contract. With regard to appeals to the agency board, you may proceed under the

board's small claim procedure for claims of $50,000.00 or less or its accelerated procedure for claims of $100,000.00 or less. Instead of appealing to the agency board of contract appeal, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Disputes Act of 1948, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this claim. The rules of the ASBCA are located at http://www.law.gwu.edu/asbca/rule.htm#RULES.

You may choose to try settling this dispute through the use of Alternate Dispute Resolution (ADR) techniques. The Defense Contract Management Agency is committed to the use of ADR whenever possible. Please note that the ASBCA is also favorably disposed to the use of Alternate Dispute Resolution. ADR techniques utilized by the Board include settlement judges (third party neutrals/mediators); mini-trials; and summary trial with binding decisions. Should you be interested in using some form of ADR to attempt to resolve this dispute, either outside or within the context of an ASBCA appeal, please contact me. It should be noted that this offer to use ADR or use of its procedures does not in any way alter the respective 90-day and 12-month appeal deadlines at the ASBCA and COFC or respective procedural requirement for filing an appeal. Nor would your election to pursue ADR preclude you from contemporaneously filing a formal and timely appeal with either adjudicative body. The offer to ADR or use of its procedures does not constitute a reconsideration of this final decision

Should you have any questions, please contact the undersigned at (678) 503-6351, FAX (678) 503-6034, or e-mail Paul.Slemons@dcmae.mil.

PAUL E. SLEMONS
Termination Contracting Officer

cc:
DCMAE-GAG/Leigh Owens, Esq.

WORD PROCESSING DISK
WORD FILE - ASOC_FINAL.DOC

# TAB 38

# PROCUREMENT HISTORY

NIIN: 012971851
CONTRACTOR NAME: RAYTHEON CO
CITY & STATE: ANDOVER MA

ITEM: ELECTRONIC

| ORIGINAL UNIT-PRICE | QUANTITY | AWARD DATE |
|---|---|---|
| $000002688.00 | 00000000111 | 11 Feb 99 |
| $000000608.06 | 00000000795 | 8 Jul 91 |
| $000001961.66 | 00000000652 | 26 Mar 91 |

There is no more data available today for the NIIN selected.

BACK

Return to Procurement History Page

APLS.COM
The Advanced Procurement & Logistics System

Main | eCommerce | Search | RFQeXpert | Bulletin Board | Inventory | My APLS | Help | Log out

Procurement History

## Procurement History Search

### Search results for 5998-01-319-4313

Detail Report

High contract unit price: $ 21516.0500 Low contract unit price: $ 1635.0000

| Contract | Award Date | NSN | Qty | Unit Price | CAGE - Company |
|---|---|---|---|---|---|
| DAAH0100C0077 | 05/09/00 | 5998013194313 | 2 | $ 21516.0500 | 75123 - SYSTEMS DEVELOPMENT |
| DAAH0100C0077 | 05/09/00 | 5998013194313 | 22 | $ 17589.4500 | 75123 - SYSTEMS DEVELOPMENT |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 15 | $ 1635.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 15 | $ 2000.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 15 | $ 2127.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 15 | $ 4653.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 18 | $ 1635.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 2 | $ 2127.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 2 | $ 4653.0000 | 05716 - RAYTHEON CO |
| DAAH0194CS192 | 09/07/94 | 5998013194313 | 6 | $ 2000.0000 | 05716 - RAYTHEON CO |

Detail Report

HAWK I

APLS.COM
The Advanced Procurement & Logistics System

Main | eCommerce | Search | RFQeXpert | Bulletin Board | Inventory | My APLS | Help | Log out

Procurement History

**Procurement History Search**

**Search results for 5998-01-383-9443**

**Detail Report**

High contract unit price: $ 6440.0000 Low contract unit price: $ 128.5700

| Contract | Award Date | NSN | Qty | Unit Price | CAGE - Company |
|---|---|---|---|---|---|
| DAAH0100P0741 | 09/14/00 | 5998013839443 | 2 | $ 5285.7200 | 75123 - SYSTEMS DEVELOPMENT |
| DAAH0100P0741 | 09/14/00 | 5998013839443 | 5 | $ 5285.7100 | 75123 - SYSTEMS DEVELOPMENT |
| DAAH0194GS002 | 07/01/99 | 5998013839443 | 3 | $ 6440.0000 | 05716 - RAYTHEON CO |
| DAAH0194GS002 | 09/24/97 | 5998013839443 | 35 | $ 128.5700 | 05716 - RAYTHEON CO |
| DAAH0192C0089 | 12/24/91 | 5998013839443 | 29 | $ 1870.0000 | 05716 - RAYTHEON CO |
| DAAH0192C0089 | 12/01/91 | 5998013839443 | 29 | $ 1870.0000 | 05716 - RAYTHEON CO |

**Detail Report**

HAWK IA

http://www.apls.co.../search_proc.cfm?search_val=5998%2D01%2D383%2D9443&search data=pro 8/8/2003
TOTAL P.03

APLS.COM

Main | eCommerce | Search Menu | FAA | Bulletin Board | Inventory | My APLS | Help | Log out

Search criteria

13234917

Detail Report (multi-database)

Related National Stock Number(s):

5999-01-297-1851

[Management Data] [Interchange & Substitution] [Technical Characteristics]

**Procurement History**

High contract unit price: $ 101721.4500 Low contract unit price: $ 348.2000

| Contract | Award Date | NSN | Qty | Unit Price | CAGE - Company |
|---|---|---|---|---|---|
| DAAH0191C0509 | 07/01/91 | 5999012971851 | 795 | $ 608.0600 | 6K329 - U S SMALL BUSINESS A |
| DAAH0190G0015 | 03/01/91 | 5999012971851 | 1901 | $ 1548.9000 | 05716 - RAYTHEON CO |
| DAAH0189C0448 | 04/01/89 | 5999012971851 | 1 | $ 101721.4500 | 6K329 - U S SMALL BUSINESS A |
| DAAH0189C0448 | 04/01/89 | 5999012971851 | 340 | $ 348.2000 | 6K329 - U S SMALL BUSINESS A |

**Master Cross Reference data**

| Part | NSN | Description | CAGE - Company |
|---|---|---|---|
| 13234917 | 5999-01-297-1851 | ELECTRONIC COMPONENTS ASS | 18876 - U S ARMY AVIATION AND MIS |

**APLS listed suppliers**

No Matches Found

60 ч

http://www.apls.com/app/search_report.cfm?search_val=13234917&search_data=report 7/27/00

# TAB 39

SDC 1108

# NOTICE OF REVISION (NOR)

(SEE MIL-STD-480 FOR INSTRUCTIONS)

This revision described below has been authorized for the document listed.

| | | |
|---|---|---|
| | DATE (YYMMDD) 970822 | Form Approved OMB No. 0704-0188 |

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington VA 22202-4302, and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington DC 20503.

| | | |
|---|---|---|
| 1. ORIGINATOR NAME AND ADDRESS<br>RAYTHEON COMPANY<br>ELECTRONIC SYSTEMS DIVISION<br>ANDOVER MA. 01810 | 2. CAGE CODE 49956 | 3. NOR NO. 1<br>SH 1 OF 1 |
| | 4. CAGE CODE 18876 | 5. DOCUMENT NO. PL13235072 |
| 6. TITLE OF DOCUMENT<br>CIRCUIT CARD ASSEMBLY - DAAD | 7. REVISION LETTER (Current) C | (New) D |
| | 8. ECP NO. MI-J8366 | |

9. CONFIGURATION ITEM (OR SYSTEM) TO WHICH ECP APPLIES

HPI/BCP/PCP

10. DESCRIPTION OF REVISION

NEED FOR CHANGE:

RESISTOR IS NOT AVAILABLE FROM SOLE SOURCE.

DESCRIPTION OF CHANGE:

PL13235072 - CHANGE FIND NUMBER 41, AS SHOWN:

WAS:

| | | | QTY. |
|---|---|---|---|
| 41 | MIL-R-39008/3-RCR32G911JS | RESISTOR, FIXED, COMPOSI | 2 |

NOW

[redacted] RESISTOR, FIXED FILM | 2.5

[illegible]

MIL-R-39017/3 RLR32C9100GM

IR: 72HK-PUR-01506
PROD. EFF. 880102 & UP
MB: PNB + EIG
MAT'L DISP: U/I
PROV/PMAC √ YES ___ NO

11. THIS SECTION FOR GOVERNMENT USE ONLY

a. CHECK ONE

☑ EXISTING DOCUMENT SUPPLEMENTED BY THIS NOR MAY BE USED IN MANUFACTURE
☐ REVISED DOCUMENT MUST BE RECEIVED BEFORE MANUFACTURER MAY INCORPORATE THIS CHANGE
☐ CUSTODIAN MASTER DOCUMENT SHALL MAKE ABOVE REVISION AND FURNISH REVISED DOCUMENT TO

| | | |
|---|---|---|
| b. ACTIVITY AUTHORIZED TO APPROVE CHANGE FOR GOVERNMENT<br>DPRO (RREE) | SIGNATURE AND TITLE<br>Fahd Khalil<br>F. Khalil | DATE (YYMMDD)<br>98-03-26 |
| 12. ACTIVITY ACCOMPLISHING REVISION<br>DPRO (RREE) | REVISION COMPLETED (Signature) | DATE (YYMMDD) |

Form 1695, JUL 88 - Previous editions are obsolete

4

# TAB 40

WAIVER REQUEST FORM

Type of Waiver:

______Major Defense Acquisition Program (MDAP) Solicitation/Contract
______MIL-STD/MIL-SPEC
______Process

______NON-MDAP Solicitation/Contract
______MIL-STD/MIL-SPEC
______Process

__X__Management and Manufacturing Processes (Two-Year)
______Weapon System
______Rebuy
__X__Spare
______Service

1. Requester:
Program: See Attachment Date Submitted: 07/01/98
POC: Mike Campe Office Symbol: AMSAM-RD-SE-TD-DM
Phone: (256) 313-1697 DSN: 897-1697
Solicitation: N/A Contract: N/A

2. MIL SPEC/STD/M&M PROCESS required. MIL SPEC/STD/M&M PROCESS number: N/A
MIL SPEC/STD/M&M PROCESS title:
N/A

3. Mission statement: Describe the mission the requested MIL SPEC/STD/PROCESS is to support:
The Manufacturing and Management processes contained in the legacy Technical Data Packages (TDP) are required to ensure acquired spares meet all physical, functional and performance characteristics, and comply with the reliability, maintainability, interoperability and safety requirements of the weapon system. (Reference AMCOM and PEO Aviation MAP, Section V, paragraph c.7)

4. Product/Process description: Describe in detail the product or process covered by the requested MIL SPEC/STD/M&M PROCESS.
N/A

5. Commercial equivalents. (N/A FOR M&M PROCESSES) Describe one or more commercially available products which serve as the nearest equivalents to those described by the applicable MIL SPEC/STD.

N/A

6. Differences between military and commercial products: Describe the differences, if any, between the product(s) or process (es) defined by the applicable MIL SPEC/STD and the nearest commercial equivalent(s). (N/A FOR M&M PROCESSES)

N/A

7. Military-unique document requirement (N/A FOR M&M PROCESSES). Describe, if applicable, how the differences between the product defined by the applicable MIL SPEC/STD and that of the commercial equivalent(s) are such that a clear requirement for a military-unique specification or standard is established.

N/A

8. Mission impact. (N/A FOR M&M PROCESSES) Describe the functional impacts of using the commercial equivalent product(s) in lieu of those specified by MIL SPEC/STD to mission accomplishment; if impacts make use unacceptable, provide supporting information.

N/A

9 Economic analysis. (N/A FOR M&M PROCESSES) Provide a summary of economic/cost analysis showing the economic impact of using the commercially equivalent product(s) versus those defined by the applicable MIL SPEC/STD. If impacts make use unacceptable, provide supporting information.

N/A

10. REQUESTING OFFICIAL:

RICHARD W. AMOS
Acting Director, System Engineering and Production Directorate, Missile Research, Development, and Engineering Center
PM or System Manager

JUL 27 1998
Date

11. WAIVER DISPOSITION

____ Approved primarily for the following reason:

____ Requirement for military-unique MIL SPEC/STD

____ Unacceptable mission impact by using NGS or industrial-wide standard alternative

____ No cost-effective NGS or industrial-wide standard alternative

X Based on the results of the best business approach decision process, it has been determined that the technical data package, and all processes contained therein, for the above listed weapon system, is hereby approved for use in acquisition documents. This approval is effective for a period not to exceed two years from the signature date on this document (FOR M&M PROCESSES ONLY)

______ Disapproved

______ Returned without action; following additional information requested:

- ______ Mission description
- ______ Process description
- ______ Description of NGS or industrial-wide standard alternatives
- ______ Description of differences between military process and NGS or industrial-wide standard alternatives
- ______ Military-unique document requirement description
- ______ Mission impact
- ______ Economic/Cost analysis of military and NGS or industrial-wide standard alternatives
- ______ Other

WAIVER REQUESTED CONTROL NUMBER: 98001

WAIVER APPROVAL OFFICIAL:

________________ Date ________

~~AAE or Milestone Decision Authority~~

LARRY O. DANIEL Date 28 JJ 98

AMCOM and PEO, Aviation, Standards Executive

# ATTACHMENT

## WEAPON SYSTEM LIST

**MISSILE**

1 MLRS
2 TARGETS
3 STINGER
4 PATRIOT
5 GBS
6 FAAR
7 HERCULES
8 CHAPARRAL
9 ATAS
10. AVENGER
11 STINGER
12 HAWK
13 TOW
14 TOW2
15. DRAGON
16 BFVS
17 LANCE
18 HELLFIRE
19 LCSS
20 AN/TSQ-73
21 TOW COBRA
22 C-NITE
23 GLLD
24 TPS
25 MCTNS
26 LTD
27 IFTE
28 FISTV
29 LSDIS
30 TEMOD

**AVIATION**

1 ASE
2 ALSE
3 APACHE
4 AAWS
5 HEUY
6 T-53
7 COBRA
8 BLACKHAWK
9 T-700
10 T-701
11 CHINOOK
12 T-55
13 KIOWA
14 T-703
15 T-63
16 AGSE
17 TADS
18 PNVS
19 AGPU
20 LONGBOW
21 ATC
22 NTH
23 T62

# TAB 41

# NOTICE OF REVISION (NOR)

(SEE MIL-STD-480 FOR INSTRUCTIONS)

This revision described below has been authorized for the document listed.

| | | |
|---|---|---|
| | DATE (YYMMDD) 980804 | Form Approved OMB No. 0704-0188 |

Public reporting burden for the collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington VA 22202-4302, and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington DC 20503.

| | | |
|---|---|---|
| 1. ORIGINATOR NAME AND ADDRESS<br>RAYTHEON COMPANY<br>ELECTRONIC SYSTEMS DIVISION<br>ANDOVER MA. 01810 | 2. CAGE CODE<br>49956 | 3. NOR NO. 1<br>SH 2 OF 2 |
| | 4. CAGE CODE<br>18876 | 5. DOCUMENT NO.<br>PL13235072 |
| 6. TITLE OF DOCUMENT<br>CIRCUIT CARD ASSEMBLY - DAAD | 7. REVISION LETTER<br>(Current) D (New) E | |
| | 8. ECP NO.<br>MI-J8773 | |
| 9. CONFIGURATION ITEM (OR SYSTEM) TO WHICH ECP APPLIES<br>BCP/FCP/HPI ϕ3 MOBILITY | | |

10. DESCRIPTION OF REVISION

THE FOLLOWING CHANGES ARE STANDARDIZATION CHANGES ONLY.

**DESCRIPTION OF CHANGE:**

CHANGE: PART NUMBER, FIND NO'S. 5, 7, 10, 24, AND 25, AS INDICATED:

| | FIND NO. | PART NO. | DWG. OR SPEC. NO. | NOMENCLATURE | QTY. |
|---|---|---|---|---|---|
| WAS: | 5 | MS20470A2-4-5C | MS20470 | RIVET, SOLID-UNIVERSAL H | 1 |
| NOW: | 5 | MS20470A2-4-5 | MS20470 | RIVET, SOLID-UNIVERSAL H | 1 |
| WAS: | 7 | P55365-002-01 | P55365-002 | CAPACITOR,FIXED,ELECTR | 3 |
| NOW: | 7 | MIL-C-49137/6-CX18J105K | | CAPACITOR,FIXED,ELECTR | 3 |
| WAS: | 10 | 11570153-017 | 11570153 | CAPACITOR,FIXED,ELECTR | 2 |
| NOW: | 10 | MIL-C-49137/6-CX18K105K | | CAPACITOR,FIXED,ELECTR | 2 |
| WAS: | 24 | 13036331 | 13036331 | MICROCIRCUIT,LINEAR CMO | 4 |
| NOW: | 24 | 5962-8770204RX | 5962-87702 | MICROCIRCUIT,LINEAR CMO | 4 |
| WAS: | 25 | 13036330 | 13036330 | MICROCIRCUIT,LINEAR AN | 2 |
| NOW: | 25 | M38510/10504BEX | MIL-M-38510/105 | MICROCIRCUIT,LINEAR AN | 2 |

Form 1695, JUL 88 Previous editions are obsolete

# NOTICE OF REVISION (NOR)

(SEE MIL-STD-480 FOR INSTRUCTIONS)

This revision described below has been authorized for the document listed.

DATE (YYMMDD): 980804

Form. OMB No. 0704-0188

Public reporting burden for this collection of information is estimated to average 1 hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Washington Headquarters Services, Directorate for Information Operations and Reports, 1215 Jefferson Davis Highway, Suite 1204, Arlington VA 22202-4302, and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington DC 20503.

| | | |
|---|---|---|
| 1. ORIGINATOR NAME AND ADDRESS<br>RAYTHEON COMPANY<br>ELECTRONIC SYSTEMS DIVISION<br>ANDOVER MA. 01810 | 2. CAGE CODE<br>49956<br>4. CAGE CODE<br>18876 | 3. NOR NO. 1<br>SH 1 OF 2<br>5. DOCUMENT NO.<br>PL13235072 |
| 6. TITLE OF DOCUMENT<br>CIRCUIT CARD ASSEMBLY - DAAD | 7. REVISION LETTER<br>(Current) D (New) E<br>8. ECP NO.<br>MI-J6773 | |

9. CONFIGURATION ITEM (OR SYSTEM) TO WHICH ECP APPLIES

BCP/PCP/HPI ϕ3 MOBILITY

10. DESCRIPTION OF REVISION

NEED FOR CHANGE:

THIS CHANGE IS NECESSARY BECAUSE THE PRESENT PART NUMBER, 13038457, F/N 26 CANNOT PRESENTLY BE PROCURED. EQUIVALENT DESC NUMBERS ARE AVAILABLE AS ALTERNATES.

DESCRIPTION OF CHANGE:

ADD: ALTERNATE PARTS, FIND NO.'S 26 AND 41, AS INDICATED:

| | FIND NO. | PART NO. | DWG. OR SPEC. NO. | NOMENCLATURE | QTY. | NOTES |
|---|---|---|---|---|---|---|
| WAS: | 26 | 13038457 | 13038457 | MICROCIRCUIT, LINEAR, OP | 4 | |
| NOW: | 26 | 13038457 | 13038457 | MICROCIRCUIT, LINEAR, OP | 4 | 1 |
| | 26 | 5962-7800303PX | 5962-78003 | MICROCIRCUIT, LINEAR, OP | | 1 |
| | 26 | 5962-7800304PX | 5962-78003 | MICROCIRCUIT, LINEAR, OP | | 1 |

FOR STANDARDIZATION CHANGES SEE SUBSEQUENT SHEET OF THIS NOR.

IR: 72HK-2UR-01255
PROD. EFF. 890102 & UP
M/B: Kiuket, Ctg
MAT'L DISP. UI
PROV/PMAC √ YES ___ NO

11. THIS SECTION FOR GOVERNMENT USE ONLY

a. CHECK ONE

- [x] EXISTING DOCUMENT SUPPLEMENTED BY THE NOR MAY BE USED IN MANUFACTURE
- [ ] REVISED DOCUMENT MUST BE RECEIVED BEFORE MANUFACTURER MAY INCORPORATE THIS CHANGE
- [ ] CUSTODIAN/MASTER DOCUMENT SHALL MAKE ABOVE REVISION AND FURNISH REVISED DOCUMENT TO:

| | | |
|---|---|---|
| b. ACTIVITY AUTHORIZED TO APPROVE CHANGE FOR GOVERNMENT<br>DPRO (RREE) | SIGNATURE AND TITLE<br>Fahd Khalil<br>F. Khalil | DATE (YYMMDD)<br>98-09-18 |
| 12. ACTIVITY ACCOMPLISHING REVISION<br>DPRO (RREE) | REVISION COMPLETED (Signature) | DATE (YYMMDD) |

376

SDC 1109

# TAB 42

# ACQUISITION STRATEGY SUMMARY SHEET

PRON: D1943064

NSN: 5998-01-319-4313

APN: 13235072

PRIORITY: 11

SYSTEM: HAWK

ITEM: CIRCUIT CARD ASSEMBLY

QTY: 24

ESTIMATED AMOUNT: $130,532.36

AMC/AMSC CODE: AMC/AMSC DATE: 2/04/1999
NEEDS QA/ENGR REVIEW
GOVERNMENT TESTED FIRST ARTICLE REQUIRED
STRAT CODE: C SIC CODE: 3674
SOLDERING STATEMENT REQUIRED
STABLE BASE DRAWINGS REQUIRED
CANCELLED SPEC (MIL-S-13949)

An Acquisition Strategy Meeting was held on 16 June 1999 and the following individuals were in attendance:

| | | |
|---|---|---|
| James Adams | AMSAM-AC-ML-L | 6-2047 |
| Vickie Patterson | AMSAM-RD-SE-IO-TL | 6-3241 |
| Margaret King | AMSAM-AC-ML-SA | 2-7553 |
| Ben Acosta | AMSAM-MMC-AD-MC | 6-4140 |
| Otto Hsu | AMSAM-DSA-WCP | 2-0320 |
| Kay Smothers | AMSAM-CIC-ED-MI | 3-2961 |
| Jolene Sisk | AMSAM-MMC-AD-MH | 6-5567 |
| Jenetta Johnson | AMSAM-MMC-AD-M | 2-6576 |

During the Strategy Meeting it was determined that due to the fact that the TDP has cancelled specs ( MIL-S-13949) that cannot be replaced, requirement will possibly be restricted to Raytheon Company.

SDC 840

Incremental Quantity Range: Minimum 9 Maximum 25

| | | |
|---|---|---|
| Options: | FY00 | ( 5 – 16 ) |
| | FY01 | ( 5 – 16 ) |
| | FY02 | ( 11 – 30 ) |
| | FY03 | ( 7 – 21 ) |
| | FY04 | ( 7 – 21 ) |

MAXIMUM QTY WILL BE CAPPED AT 75 EACH.

Therefore, on 17 June 1999, pron was passed to HAC for source review.

On 16 August 1999, pron amendment 02 was received increasing the quantity from 14 each to 24 each.

On 4 October 1999, received from Loop with drawings & Icapp as follows:

AMC/AMSC CODE: 2G AMC/AMSC DATE: 9/27/1999
Adequate For Unlimited Procurement
Government Tested First Article Required for a quantity of 2 each.
Strat Code: C SIC Code: 3674
ODS is required Need SAO waiver for ASTM-D4126 & MIS-14753
STABLE BASE DRAWINGS REQUIRED
DIGITAL DATA REQUIRED (INCLUDED IN DRAWINGS ON DISK)

On 7 October 1999, pron is assigned to PXA-08, Dan Conley.

This action is to be planned as Best Value.

A waiver was approved on 20 September 1999, allowing the contractor to use cancelled MIL-S-13949 for this pron D1943064 only. Waiver is enclosed in file.

RFP NUMBER: DAAH01-00-R-0013

Received amendment 03, for first article diversion dated 21 October 1999.

On 25 October 1999, package is complete.

This action was delayed in Small Business Administration Office due to the fact that they recommended to go 8(a).

SDC 841

Previously, this action was planned as Best Value. Also, the TDP contains Digital Data. According to Larry Nichols in Engirieeering, the Digital Data for this action involve specific programs for the microchips and according to Lester James in Documentation, the Digital Data is included on disk.

Therefore, based on discussions with Mr. John Nelson & Lee Ford; Small Business, Cathy Dickens & James Adams; Acquisition Strategy Divison, this action would be a good candidate to be presented under the Team Millennium (New Business Development), involving Teledyne Brown Engineering along with Campbell Engineering & SDC, Incorporated.

Action will be initiated under the 8(a) program.

On 24 November 1999, a 2579 was initiated and sent back to Small Business Administration Office for review.

On 2 December 1999, package was returned from Small Business with a memorandum dated 1 December 1999, recommending 8(a) contractor System Development Corporation, (SDC), 215 Winn drive, Huntsville, Alabama 35805. Small Business also asked for the DD Form 2579 to reflect any optional quantities and/or options years and any increase in the total dollar amount as a result of options.

On 6 December 1999, package was passed to BSX 59 pending receipt of copy of letter of offer to SBA for this requirement.

# TAB 43

AMCOM and PEO AVIATION STANDARDS EXECUTIVE
WAIVER REQUEST FORM

Type of Waiver:

_____Major Defense Acquisition Program (MDAP) Solicitation/Contract
___ MIL-STD/MIL-SPEC
___ Process

_____NON-MDAP Solicitation/Contract
X MIL-STD/MIL-SPEC
_____Process

_____Management and Manufacturing Processes (Two-Year)
_____Weapon System
_____Rebuy
_____Spare
_____Service

1. Requester:
Program: HAWK PRON D1943064 Date Submitted: 09/15/1999
POC: John Farris Office Symbol: AMSAM-RD-SE-IO
Phone: 876-7254 DSN: ______
Solicitation: ______ Contract: ______
Part Number: 13235072 NSN: 5998-01-319-4313

2. MIL SPEC/STD/M&M PROCESS required. MIL SPEC/STD/M&M PROCESS number: MIL-S-13949

MIL SPEC/STD/M&M PROCESS title: Sheet, Printed Wiring Board, General Specification for

3. Mission statement: Describe the mission the requested MIL SPEC/STD/PROCESS is to support:

Spare Part Procurement

4. Product/Process description: Describe in detail the product or process covered by the requested MIL SPEC/STD/M&M PROCESS.

Printed Wiring Board raw materials including copper clad laminates, pre-pregs, bonding film, etc.

5. Commercial equivalents. (N/A FOR M&M PROCESSES) Describe one or more commercially available products which serve as the

nearest equivalents to those described by the applicable MIL SPEC/STD.

IPC 4101

6. Differences between military and commercial products: Describe the differences, if any, between the product(s) or process (es) defined by the applicable MIL SPEC/STD and the nearest commercial equivalent(s). **(N/A FOR M&M PROCESSES)**

MIL-S-13949 requires specific testing and frequencies and has a QPL which requires specific re-certification periods. IPC 4101 does not require specific tests and has no certification requirements.

7. Mission impact. **(N/A FOR M&M PROCESSES)** Describe the functional impacts of using the commercial equivalent product(s) in lieu of those specified by MIL SPEC/STD to mission accomplishment; if impacts make use unacceptable, provide supporting information.

There is inadequate information and history to predict what functional differences there are between materials produced to IPC 4101 as opposed to MIL-S-13949. This is one of the reasons to be concerned. There is no reliability data for products built to IPC 4101.

8. Conversion. Can the MIL SPEC/STD be converted to a MIL-PRF, Interface STD or Standard Practice? Describe the actions being taken or justification for non-conversion.

At present there is no action being taken to convert MIL-S-13949 to any other type of document. The IPC Board is to meet in October and plans to address amending IPC 4101 to include the testing requirements of MIL-S-13949.

9. Military-unique document requirement **(N/A FOR M&M PROCESSES)**. Describe, if applicable, how the differences between the product defined by the applicable MIL SPEC/STD and that of the commercial equivalent(s)are such that a clear requirement for a military-unique specification or standard is established.

There is 25 years of history that demonstrates that materials procured and tested to MIL-S-13949 have a high degree of reliability. IPC 4101 leaves the determination of testing

SDC 1105

requirement up to the buying activity. This is a "fox in the hen house" scenario.

10. Economic analysis. **(N/A FOR M&M PROCESSES)** Provide a summary of economic/cost analysis showing the economic impact of using the commercially equivalent product(s) or MIL PRF, versus those defined by the applicable MIL SPEC/STD. If impacts make use unacceptable, provide supporting information.

To date no material suppliers have offered a price decrease for IPC 4101 materials over MIL-S-13949.

11. Follow-on Action: Describe the actions being taken to eliminate the need for citing the MIL SPEC/STD/Process in future acquisitions.

No follow-on action is being taken at present pending the IPC Board decision regarding amending IPC 4101 to include the testing requirements of MIL-S-13949. If the decision is made to not amend the IPC 4101, AMCOM could create a MIS which would include the requirements of MIL-S-13949.

12. REQUESTING OFFICIAL:

OTTO HSU
HAWK Configuration Manager

Otto Hsu
PM or System Manager

16 Sept 1999
Date

13. WAIVER DISPOSITION

✓ Approved primarily for the following reason:

____ Requirement for military-unique MIL SPEC/STD

____ Unacceptable mission impact by using NGS or industrial-wide standard alternative

SDC 1106

__n__ No cost-effective NGS or industrial-wide standard alternative

_____ Based on the results of the best business approach decision process, it has been determined that the technical data package, and all processes contained therein, for the above listed weapon system, is hereby approved for use in acquisition documents. This approval is effective for a period not to exceed two years from the signature date on this document. **(FOR M&M PROCESSES ONLY)**

_____ Disapproved

_____ Returned without action; following additional information requested:

- _____ Mission description
- _____ Process description
- _____ Description of NGS or industrial-wide standard alternatives
- _____ Description of differences between military process and NGS or industrial-wide standard alternatives
- _____ Military-unique document requirement description
- _____ Mission impact
- _____ Economic/Cost analysis of military and NGS or industrial-wide standard alternatives
- _____ MIL PRF, Interface or Standard Practice Standard
- _____ Other

WAIVER REQUESTED CONTROL NUMBER: 99009

WAIVER APPROVAL OFFICIAL:

AAE or Milestone Decision Authority — Date

LARRY O. DANIEL — Date 20 Aug 99
AMCOM and PEO, Aviation,
Standards Executive

SDC 1107

# TAB 44

384

FILE COPY

# AMCOM REPAIR PARTS
## TDPL REQUEST
## INTERCEPT GROUP ACTION

IGA No.: ______
PMF SUSPENSE: ______

UBMIT THIS FORM IN DUPLICATE
ATE SUBMITTED: 12 Oct 1999
ATE REQUIRED: ASAP

RONS: D1943064 NSN: 5998-01-319-4313 APN: 13235072 REV: ______

NOUN: Circuit Card Assy WEAPON SYSTEM: HAWK PRIORITY: 11

*NARRATIVE OF PROBLEM: REQUEST FOR STABLE BASE DRAWINGS

CONTRACT SPECIALIST: [signature] OFFICE SYMBOL: AC-ML-L PHONE: 6-4383

TECHNICAL GROUP ACTION: ______

PHONE: ______ DATE: ______

NAME OF RESPONDER: ______
(PLEASE PRINT)

IS TECHNICAL DATA UPDATE REQUIRED? YES ______ NO ______

AMSAM-AC-ML-L POC: JANIE QUICK 2-7601
STAN CRITTENDEN 6-1931
FAX: 2-6302

SDC 1135

# TAB 45

*U.S. SMALL BUSINESS ADMINISTRATION*
*2121 8TH AVENUE NORTH, SUITE 200*
*BIRMINGHAM, ALABAMA 35203-2398*

*December 10, 1999*

*Mr. John F. Nelson, Chief*
*Small and Disadvantaged Business Utilization Office*
*Attn: AMSAM-SB*
*U. S. Army Aviation and Missile Command*
*Redstone Arsenal, AL 35898-5000*

*Dear Mr. Nelson:*

*Pursuant to Section 8(a) of the Small Business Act (15U.S.C.637(a)), the Small Business Administration accepts your offer to enter into a contract to be awarded in accordance with the Memorandum of Understanding between your agency and the Small Business Administration. The offer for Circuit Card Assembly, Missile System: HAWK (SIC 3674, Size Standard 500 employees), has an estimated value of $767,099.75.*

*This acceptance is in support of the approved business plan of Systems Development Corporation, 215 Winn Drive, Huntsville, AL 35805.*

*Our preliminary analysis indicates that this requirement is suitable for 8(a) contracting and the 8(a) concern has the requisite capabilities to perform satisfactorily, including the required bonding, if necessary. A determination has been made that acceptance of this procurement will cause no adverse impact on another small business concern.*

*Please note that if the Statement of Work (SOW) is changed, SBA will have to redetermine the appropriateness of the SIC Code and the acceptability of this offer for the 8(a) contractor named above.*

*In accordance with the Memorandum of Understanding, authorization is hereby given to your office to contract directly with the 8(a) contractor. Please furnish a copy of all contract actions to Johnnie H. Beam, Business Opportunity Specialist, U. S. Small Business Administration, 8(a) Business Development Division, 2121 8th Avenue North, Suite 200, Birmingham, AL 35203-2398. If you have any questions, please call (205) 731-0706/FAX 205-731-3443.*

*Sincerely,*

*Donna H. Glenn*
*Assistant District Director*
*8(a) Business Development*

"THE FEDERAL GOVERNMENT IS AN EQUAL OPPORTUNITY EMPLOYER"

SDC 822