# In the United States Court of Federal Claims

Case No. 06-232C
(Filed: December 19, 2007)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |
| **SYSTEMS DEVELOPMENT CORP.,** | * |
| *Plaintiff,* | * |
| | * |
| v. | * |
| | * |
| | * |
| **THE UNITED STATES OF AMERICA,** | * |
| *Defendant.* | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

## ORDER

By this Order, the Court confirms issues that were decided during oral argument on December 19, 2007. **The parties are hereby ordered to provide additional briefing discussing the following issues:**

- The relationship between termination of a contract for the convenience of the Government and a suit for breach of contract. The parties should discuss whether a breach of contract action may be brought where a contract has been terminated for convenience and, if so, how the scope of damages available to the contractor under a breach of contract theory is different from damages that are available in a termination for convenience scenario.

- Whether the specifications at issue in this case constitute "government-furnished property" as defined in FAR 52.245-1(a) and discussed in FAR 52.245-2, "Government Property (Fixed-Price Contracts)," which was incorporated into the contract. 48 C.F.R. §§ 52.245-1(a), 52.245-2 (Apr. 1984).

- Clarification of the authority of the Terminating Contracting Officer ("TCO") to consider and render a final decision upon a contractor's request for equitable adjustment and to whom such a request must be presented if the TCO in fact lacks authority to consider it.

- Where in the contract documents the parties find support for their competing arguments that the contract was a design versus performance contract.

The parties have agreed upon the following briefing schedule to discuss the aforementioned issues:

- Friday, January 31, 2008: Plaintiff's Brief

- Friday, February 29, 2008: Defendant's Response

- Friday, March 14, 2008: Plaintiff's Reply to Defendant's Response

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge